# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLYNDA BENJAMIN,<br><br>               Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>               Defendant. | Case No.: 1:20-cv-02466-CC-RDC<br><br>**PLAINTIFF'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Plaintiff, Charlynda Benjamin ("Plaintiff" or "Ms. Benjamin"), under Fed. R. Civ. P. 72(b), respectfully submits this Partial Objection to the Magistrate Judge's Order and Final Report and Recommendation (doc. 72) ("Recommendation") on Experian Information Solutions, Inc.'s ("Defendant" or "Experian") willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

Plaintiff does not object to the Magistrate's Report and Recommendation denying Defendant Experian Information Solutions, Inc.'s ("Defendant") Motion for Summary Judgment (doc. 49) ("Motion"). However, to preserve the issue, Plaintiff respectfully objects **only** to the portion of the Recommendation entering summary judgment against Plaintiff's claim for willful violation of the FCRA.

In support of this Objection, Plaintiff relies on the following Memorandum.

1

## I. INTRODUCTION

Experian's Motion requested that the Court enter summary judgment against Ms. Benjamin's claim that Experian violated the FCRA by failing to maintain reasonable procedures to ensure maximum possible accuracy when reporting Ms. Benjamin's credit. Ms. Benjamin asserts that Experian negligently and/or willfully implemented inadequate procedures that led to Experian inaccurately reporting her discharged MoneyLion Account ("Account") as having an outstanding balance and a past due amount.

In its Recommendation, the Magistrate held that Ms. Benjamin's allegation that Experian <u>negligently</u> violated the FCRA was properly put to a jury. However, the Magistrate continued on to determine that, as a matter of law, Experian had not committed such violation <u>willfully</u>. Plaintiff does not object to the portion of the Recommendation denying Defendant's Motion and respectfully requests that this Court adopt the Recommendation denying Defendant's Motion for Summary Judgment.

However, out of an abundance of caution, and to preserve any objection, Plaintiff, pursuant to Fed. R. Civ. P. 72(b)(2), respectfully objects to the portion of the Recommendation holding that no reasonable jury could find that Experian's knowing decision to implement facially insufficient procedures amounted to a

willful violation of its duties under 15 U.S.C. § 1681e(b). Plaintiff respectfully contends that this portion of the Recommendation conflicts with governing case law, and requests that the Court allow Ms. Benjamin to submit her willfulness claim to a jury.

## II. LEGAL STANDARD
### A. DISTRICT COURT REVIEW OF DISPOSITIVE MAGISTRATE REPORT AND RECOMMENDATION

"Under the Federal Magistrates Act, 'the magistrate [judge] has no authority to make a final and binding' ruling on a dispositive motion." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "A district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge' and also 'may . . . receive further evidence or recommit the matter to the magistrate with instructions.'" *Stephens*, 471 F.3d at 1176 (quoting 28 U.S.C. § 636(b)(1)).

"When a party files timely objections to a Magistrate Judge's recommended disposition of a dispositive matter, a district court must make a de novo determination as to any portion of the disposition to which the party objects." *Wilson v. Hickman*, 85 F. Supp. 2d 1378, 0 (N.D. Ga. 2000) (citing Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B)).

3

### III. ARGUMENT
#### A. SUMMARY OF THE MAGISTRATE'S RELEVANT FINDINGS

In considering Experian's Motion, the Magistrate Judge made several relevant observations/findings regarding Experian's procedures and the legal, factual, and historical background which would allow a reasonable jury to determine that those procedures were unreasonable under the FCRA.

First, the Magistrate correctly found that the default result of a Chapter 7 bankruptcy is that all of the debtor's unsecured, pre-bankruptcy debt is discharged, and the debtor is no longer legally liable for the same. The Magistrate noted:

"Experian argues at various points that there is no way to know whether the Account was discharged as part of Plaintiff's bankruptcy […] However, the basic principles of bankruptcy suggest otherwise." *See* Recommendation, pg. 25; "[T]here is no 'presumption of non-dischargeability' for a debt as Experian claims. If anything, there is a presumption in favor or discharge, not the other way around." *Id.*, at pg. 26; "Although Experian argues forcefully that there is no default rule regarding pre-petition debts for Chapter 7 bankruptcies, it is incorrect…" *Id.*, at pg. 34; "From a legal standpoint, there is nothing particularly complicated about the effect of a Chapter 7 bankruptcy." *Id.*, at pg. 35.

Second, the Magistrate correctly found that Experian had actual knowledge of

4

the Chapter 7 default rule: "Experian's own procedures already recognize the consequences of a general discharge in Chapter 7 bankruptcy." *Id.*, at pgs. 25-26.

Third, the Magistrate correctly found that Experian had notice that Ms. Benjamin's Account had been discharged in bankruptcy:

"[A] key consideration in many cases is whether the CRA has a reason to know that information is incorrect." *Id.*, at pg. 32; "Experian argues that it did not have notice of any inaccuracy in Plaintiff's report…" *Id.*, at pg. 33; "There is no factual dispute that Experian had notice of Plaintiff's bankruptcy discharge, which in turn provided notice that Plaintiff's pre-petition debts were individually discharged." *Id.*, at pg. 34; "Under these circumstances, Experian cannot claim lack of knowledge of Plaintiff's bankruptcy." *Id.*, at pg. 36; "[U]ndisputed evidence shows that Experian received notice of Plaintiff's Chapter 7 bankruptcy, and her credit file reveals that Experian knew the Account predated that bankruptcy. Those facts alone are sufficient notice under the FCRA." *Id.*[1]

Finally, the Magistrate correctly found that Experian could have implemented procedures that would have prevented the inaccuracy from appearing on Ms.

---

[1] Experian asserted the frivolous, ancillary argument that Plaintiff could have used the Account "to purchase any luxury good or service," and that therefore the debt was not dischargeable. The Magistrate correctly found that "Experian's argument is entirely speculative" and therefore not available to create a genuine dispute of material fact on a motion for summary judgment. *See* Recommendation, pg. 26.

5

Benjamin's report, and in fact did implement such procedures <u>after</u> Ms. Benjamin filed suit:

"If Experian's initial scrub had included debts that were delinquent by only 30 days, rather than 90 days, then Plaintiff's May 2020 report would have been accurate, and inaccurate information may not have been sent to third parties." *Id.*, at pg. 37; "Experian has produced little, if any, specific evidence of the cost or burden of updating its procedures to be more accurate." *Id.*; "Crediting its unilateral justification for the 90-day threshold—which Experian later changed—would effectively allow it to determine the reasonableness of its own procedures…" *Id.*, at pgs. 37-38; "[O]n these facts, [a jury] could […] find that Experian could have created marginally more accurate procedures at little-to-no cost and to the benefit of consumers like Plaintiff." *Id.*, at pg. 38.

### B. THE RECOMMENDATION RELIES ON A MISINTERPRETATION OF SUPREME COURT PRECEDENT TO FIND THAT EXPERIAN DID NOT WILLFULLY VIOLATE THE FCRA

After disposing of the majority of Experian's arguments and finding (1) that Experian had actual knowledge of the Chapter 7 default rule, (2) that Experian had actual notice that Ms. Benjamin's Account had been discharged, and (3) that Experian could have implemented (and indeed later did implement) procedures that would have led to more accurate credit reporting with little or no cost to Experian,

6

the Magistrate turned to Ms. Benjamin's willfulness claim.

At the outset, the Magistrate correctly noted that, in the Eleventh Circuit, "[t]o establish a willful violation of Section 1681e(b), a plaintiff must show that the defendant 'either knowingly or recklessly violated' the FCRA." *See* Recommendation, pg. 39 (quoting *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017)).

The Magistrate then held that "Experian's prior reliance on the *White* Order effectively forecloses [Plaintiff's willfulness] claim." *See* Recommendation, pg. 39. However, this finding conflicts with the Magistrate's simultaneous finding that the *White* Order was not binding on this Court or preclusive of Plaintiff's case. *Id.*, at pgs. 22-23 ("[T]he *White* Order does not preclude Plaintiff from challenging the reasonableness of Experian's procedures…").

More importantly, as noted above, a "key consideration in many cases is whether the CRA has a reason to know that information is incorrect." *Id.*, at pg. 32. This is true because the FCRA mandates that credit reporting agencies, like Experian, "follow reasonable procedures to assure **maximum possible accuracy**" of a consumer's report. *See* 15 U.S.C. § 1681e(b) (emphasis added). "Reasonable" accuracy is insufficient. If a CRA has reason to know that information it is reporting is not as <u>maximally accurate</u> as possible, it has knowingly violated the FCRA. *Id.*

7

In light of this legal background, the Magistrate made the correct express finding that Experian had both actual knowledge of the effect of a Chapter 7 discharge, and actual notice that Ms. Benjamin's Account had been discharged in Chapter 7, given that Experian was reporting the discharge on Ms. Benjamin's credit. By logical extension, the Magistrate implicitly found that Experian "knowingly" violated the FCRA, as that term is used in the Eleventh Circuit. *See Pedro*, 868 F.3d at 1280. This alone is sufficient to allow Ms. Benjamin to submit her willfulness claim to a jury. *Id.*

In its holding to the contrary, the Magistrate quoted the Supreme Court, stating that "[a] violation isn't willful where a defendant 'followed an interpretation that could reasonably [find] support in the court . . . ." *See* Recommendation, pg. 39 (quoting *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47. 70 n.20 (2007))). The Magistrate continued on to find that Experian's reliance on *White*, a heavily criticize settlement agreement from over a decade ago, was enough to constitute the following of "an interpretation that could reasonably [find] support in the court."

However, footnote 20 of the *Safeco* decision must be read in context. As noted above, under *Safeco*, a "willful" violation of the FCRA may be found if the defendant acts <u>either</u> knowingly or recklessly. There are various ways to show a

8

"reckless" violation, one of which, set forth in the section to which footnote 20 was attached, is when the defendant relies on an objectively unreasonable interpretation of the FCRA.

It is in the context of a <u>reckless</u> interpretation violation that footnote 20 notes that a defendant who relies on an interpretation that could reasonably find support in the court does not willfully (recklessly) violate the FCRA. But nowhere in *Safeco* does the Supreme Court contemplate that a defendant who objectively <u>knows</u> that its actions will lead to a violation of the FCRA can afterward escape liability by claiming that, because one judge in one district court approved Experian's settlement agreement with a non-party to this suit over a decade ago, a <u>knowing</u> violation is excused.

The Magistrate correctly found that Experian <u>knowingly</u> violated the FCRA. *See generally* Recommendation ("Experian argues that it did not have notice of any inaccuracy in Plaintiff's report…" Pg. 33; "There is no factual dispute that Experian had notice of Plaintiff's bankruptcy discharge, which in turn provided notice that Plaintiff's pre-petition debts were individually discharged." Pg. 34; "Under these circumstances, Experian cannot claim lack of knowledge of Plaintiff's bankruptcy." Pg. 36; "[U]ndisputed evidence shows that Experian received notice of Plaintiff's Chapter 7 bankruptcy, and her credit file reveals that Experian knew the Account

predated that bankruptcy. Those facts alone are sufficient notice under the FCRA.").

The Magistrate therefore incorrectly relied on the Supreme Court's test for <u>recklessness</u>, and should have instead found that Experian's <u>knowing</u> infringement of Ms. Benjamin's consumer rights entitles a jury to the reasonable finding that Experian willfully violated the FCRA. Ms. Benjamin requests that the Court so find, and allow her to present her case to a jury.

### IV.    CONCLUSION

For these reasons, Ms. Benjamin respectfully objects to the portion of the Magistrate's Recommendation entering summary judgment against Ms. Benjamin's claim that Experian willfully violated the FCRA.

Respectfully submitted this 18th day of August 2021.

By:<i>/s/ Jenna Dakroub</i>
Jenna Dakroub
Bar Number 385021
**Price Law Group**
8245 N. 85th Way
Scottsdale, AZ 85258
E: jenna@pricelawgroup.com
T: (818) 600-5513
F: (818) 600-5413
*Attorneys for Plaintiff*
*Charlynda Benjamin*

///

## LR 7.1(D) CERTIFICATION

Pursuant to LR 7.1(D), the undersigned hereby certifies that the foregoing brief has been prepared with font and point selection approved by the Court in LR 5.1(B).

Dated: August 18, 2021

By: *s/Jenna Dakroub*
Jenna Dakroub
*Attorney for Plaintiff,*
*Charlynda Benjamin*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

Price Law Group, APC

*/s/ Brianna Frohman*