IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLYNDA BENJAMIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:20-CV-2466-RWS |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court on the August 4, 2021 Final Report & Recommendation ("R&R") of Magistrate Judge Regina D. Cannon [Doc. 72] recommending that the Court deny Plaintiff's Motion for Partial Summary Judgment [Doc. 48] and that Defendant's Motion for Summary Judgment [Doc. 49] be granted in part and denied in part. Also before the Court are Defendant Experian Information Solutions' Objections to the R&R [Doc. 74], Plaintiff's Partial Objection to the R&R [Doc. 75], Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Objections to the R&R [Doc. 76], and Defendant Experian Information Solutions' Response to Plaintiff's Partial Objection to the R&R [Doc. 77]. For the reasons set forth herein, the Court

overrules the parties' respective objections and adopts the R&R as the decision of this Court.

## I. Background

Plaintiff Charlynda Benjamin ("Plaintiff") alleges in this lawsuit that Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"), a credit reporting agency ("CRA"), violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA") by not maintaining reasonable procedures to assure maximum possible accuracy of Plaintiff's reported consumer information. Plaintiff specifically contends that Experian failed to maintain reasonable procedures to update debts discharged through Chapter 7 of the Bankruptcy Code.

By way of brief background, Plaintiff opened an account with MoneyLion, Inc. ("MoneyLion") in August 2019 and then filed for Chapter 7 bankruptcy the following month. Plaintiff's bankruptcy was discharged in January 2020. In May 2020, Plaintiff learned that Experian was still reporting an owed balance of $330 on the MoneyLion account and a past-due amount of $139 on that account. Additionally, the MoneyLion account was reporting as 30 days late in December 2019, as 60 days late in March 2020, and as charged off in April 2020. Nonparties Equifax and Trans Union correctly reported the MoneyLion account as discharged through bankruptcy.

Plaintiff likewise alleges that Experian failed to follow procedures to which it had previously agreed in a 2008 class action settlement of <u>White v. Experian Info. Sols., Inc.</u>, Case No. 05-CV-1073, 2008 WL 11518799, at *1 (C.D. Cal. Aug. 19, 2008), a case that concerned the reporting of debts discharged in consumer bankruptcies. The settlement agreement "incorporat[ed] new procedures that make use of assumptions regarding the likely discharged status of certain pre-bankruptcy tradelines." <u>Id.</u> at *3. The specifics of those procedures are set forth in the R&R. (Doc. 72 at 4-6).

Plaintiff commenced this lawsuit on June 9, 2020. Plaintiff alleges that Experian negligently and willfully violated § 1681e(b). She seeks to recover actual damages, statutory damages, and punitive damages as a result of the alleged inaccurate reporting of the MoneyLion account.

Both Plaintiff and Defendant have moved for summary judgment. Plaintiff moves for partial summary judgment, seeking determinations as a matter of law that the information reported about her by Experian was inaccurate and that Experian did not have a reasonable procedure in place to assure maximum possible accuracy of the information reported by Experian. Experian moves for summary judgment on all of Plaintiff's claims. As mentioned above, Magistrate Judge Cannon has issued an R&R, and both parties have filed objections. The R&R and the parties' objections are ripe for the Court's review.

## II. Standard of Review

In reviewing a report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Schultz, 565 F.3d at 1361 (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b); Macort v. Prem, Inc., 208 Fed. Appx. 781, 784 (11th Cir. 2006) (quoting Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

## III. Summary of Objections

Objecting to the R&R, Defendant contends that the Magistrate Judge erred in the following four ways: 1) misconstruing Losch v. Nationstar Mortg. LLC, 995 F.3d 937 (11th Cir. 2021) and concluding that Experian had notice of the alleged

inaccuracy; 2) finding a fact question as to the reasonableness of Experian's procedures; 3) ignoring Eleventh Circuit precedent requiring a causal connection between an inaccurate consumer report and asserted damages; and 4) concluding that Plaintiff has presented evidence of emotional distress sufficient to create a genuine factual issue regarding actual damages.

Plaintiff objects only to the portion of the R&R in which the Magistrate Judge recommends that summary judgment be granted in favor of Defendant with respect to Plaintiff's claim for willful violation of the FCRA.

**IV.   Discussion**

    A.   <u>Experian's Notice of the Alleged Inaccuracy</u>

Experian first objects to the Magistrate Judge's conclusion that Experian had sufficient notice that the MoneyLion account had been discharged in bankruptcy. Experian argues that the Magistrate Judge misconstrued the Eleventh Circuit's <u>Losch</u> decision in concluding that Experian's notice of Plaintiff's Chapter 7 bankruptcy discharge order sufficiently provided Experian notice that each of Plaintiff's pre-bankruptcy debts was discharged. Experian further argues that <u>Losch</u> and the out-of-circuit precedent it adopts require more specific notice than that found to be sufficient by Judge Cannon. Experian emphasizes that neither MoneyLion nor Plaintiff informed Experian that the debt was discharged and

asserts that it otherwise had no means to "pinpoint" a potential inaccuracy. (Doc. 74 at 4).

Having thoroughly considered Experian's arguments and closely reviewed the applicable authority, the Court is of the opinion that Experian misconstrues the extent of the notice required for a § 1681e(b) claim and is confusing it with that required for a claim under § 1681i, which governs reinvestigations. Experian maintains that "Losch adopts the holdings and reasoning of out-of-circuit precedent establishing that a CRA must have notice of a credit-reporting inaccuracy in order to be held liable under § 1681e(b)." (Doc. 74 at 3). Experian further states that the requisite notice in Losch and the requisite notice contemplated in two decisions that Losch cites is through a consumer dispute. (Id. at 5) (citing Losch, 995 F.3d at 945, Henson v. CSC Credit Servs., 29 F.3d 280, 286-87 (7th Cir. 1994), and Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997)). The Court addresses Experian's contentions below.

As an initial matter, there is no requirement that a customer file a dispute with a CRA before bringing a claim against the CRA for a violation of § 1681e(b). Morgan v. Trans Union, LLC, CIVIL ACTION FILE NO. 1:19-cv-1526-CC-JKL, 2019 WL 5490624, at *4 (N.D. Ga. Aug. 26, 2019) ("There is no requirement under § 1681e(b) that a consumer first dispute the accuracy of the information with a third-party before a cause of action accrues."); see also Alsibai v. Experian Info.

Sols., 488 F. Supp. 3d 840, 847 (D. Minn. 2020) ("The provision of the FCRA at issue here, § 1681e, does not require a consumer to report inaccurate information to an agency before filing a lawsuit."); Morris v. Experian Info. Sols., 478 F. Supp. 3d 765, 769-70 (D. Minn. 2020) ("Notifying the CRA of an inaccuracy is not a prerequisite to asserting a claim under § 1681e(b), however."); Gibson v. Experian Info. Sols., 494 F. Supp. 3d 613, 616 (E.D. Mo. 2020) (stating that "section 1681e(b) does not require a consumer to notify the CRA of an error"). It is the case, however, that "a reporting agency's procedures will not be deemed unreasonable unless the agency has a reason to believe that the information supplied to it by a data furnisher is unreliable." Losch, 995 F.3d at 945 (citing Sarver v. Experian Info. Sols., 390 F.3d 969, 972 (7th Cir. 2004)); Frydman v. Experian Info. Sols., 14cv9013-PAC-FM, 2016 WL 11483839, at *12 (S.D.N.Y. Aug. 11, 2016) ("Courts have consistently held . . . that a CRA does not violate its duty to assure reasonable accuracy pursuant to Section 1681e(b) simply by reporting an inaccurate debt or judgment, absent prior reason to believe that its source was unreliable."); see also Aslani v. Corelogic Credo, LLC, No. 1:13-CV-2635-CC-LTW, 2014 WL 12861199, at *4 (N.D. Ga. Aug. 18, 2014) ("Because Section 1681e(b) contains no notice requirement, the absence of notice is only relevant where a defendant has shown that its procedures are otherwise reasonable as a matter of law."), report and recommendation adopted, 2014 WL 12861361 (N.D. Ga. Sept. 8, 2014).

Experian points to a ruling included in a footnote of the Losch decision to argue that a consumer dispute or some other form of notice of an inaccuracy is required for a CRA to be held liable under § 1681e(b). The Eleventh Circuit stated the following in that footnote: "To the extent that any of Losch's claims under § 1681e alleges that Experian acted unreasonably in preparing any credit reports before he informed it of the relevant inaccuracy, the district court properly granted Experian summary judgment for that claim." 995 F.3d at 945 n.6. While this ruling supports Experian's position at first glance, the Eleventh Circuit provided no substantive analysis specific to the § 1681e(b) claims and focused its merits discussion on the reinvestigation claims under § 1681i. The Court does not read Losch to hold broadly that a customer dispute is required for a CRA to be liable for a § 1681e(b) violation, and Losch's minimal discussion of the § 1681e(b) claims does not provide meaningful guidance concerning the degree of notice necessary to establish liability under § 1681e(b).

Further, while Losch references a need for claimed inaccuracies to be "pinpointed" to trigger the duty for CRAs to investigate beyond the original source of disputed information, that reference relates only to claims brought pursuant to § 1681i. 995 F.3d at 945. A review of the relevant out-of-circuit decisions that Losch cited in adopting this principle confirms that the courts applied the principle in the context of § 1681i, not § 1681e(b). See Henson, 29 F.3d

at 286-87 (discussing a CRA's duty to reinvestigate once it has been notified of potentially inaccurate information); Cushman, 115 F.3d at 225 (same).

The issues in the case before this Court, on the other hand, are whether Experian had reasonable procedures in place to assure maximum possible accuracy of Plaintiff's reported consumer information from the outset and whether Experian had reason to believe the information about the MoneyLion account was inaccurate, even without any type of notification of an inaccuracy from Plaintiff. The Court finds that Experian had information already available to it that provided sufficient reason for Experian to doubt the reliability of the information concerning the MoneyLion account in this case.

As Judge Cannon mentioned in the R&R, "[w]hen a Chapter 7 debtor receives a discharge, she is discharged from all debts and 'any liability on a claim' that arose, or are determined to arise, before the bankruptcy is filed." Medley v. Dish Network, LLC, 958 F.3d 1063, 1067 (11th Cir. 2020). The White settlement likewise informs that CRAs generally know or should know that pre-petition, unsecured consumer debts, such as the MoneyLion account, are typically discharged in Chapter 7 proceedings. See Morris, 478 F. Supp. 3d at 769 ("[A]s the White settlement makes clear, the CRAs knew that unsecured consumer debts such as the Comenity account are typically discharged in Chapter 7 proceedings."). "[T]he White settlement itself provides notice that not updating

9

such accounts after a Chapter 7 bankruptcy may fail to comport with § 1681e(b)."

Id.

Here, Experian undoubtedly was aware of Plaintiff's bankruptcy filing and discharge dates, as Experian reported them. At the same time that Experian reported Plaintiff's bankruptcy discharge on her credit report, Experian also reported Plaintiff's pre-petition MoneyLion account as having a balance, being past due, and eventually as charged off. Notably, Experian reported Plaintiff's other pre-petition, unsecured accounts as discharged. Under these circumstances, a reasonable jury could find that Experian had notice that the information concerning the MoneyLion was inaccurate. As such, an inquiry into the reasonableness of Experian's procedures, which resulted in the MoneyLion account still being inaccurately reported, is warranted to determine whether Experian is subject to liability for negligently violating the FCRA.

B. Reasonableness of Experian's Procedures

Experian asserts that Judge Cannon erred in finding a fact issue as to the reasonableness of Experian's procedures. In support of this objection, Experian first argues that Federal Rule of Evidence 407, concerning subsequent remedial measures, precludes consideration of the updates that Experian has made to its procedures since this litigation has been pending. Experian also contends that the procedures it applied to Plaintiff's credit file should be considered on their own

terms. Finally, Experian argues that Judge Cannon erred in concluding that Plaintiff's decision not to dispute Experian's reporting is irrelevant to her § 1681e(b) claim.

The question of reasonableness of procedures under § 1681e(b) is typically a question for a jury. Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir.1991) ("The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases."). As such, "summary judgment can be granted [to a CRA] only if the [CRA]'s procedures are unquestionably reasonable." Jordan v. Equifax Info. Servs., LLC, 410 F. Supp. 2d 1349, 1357 (N.D. Ga. 2006) (citing Crabill v. Trans Union, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001)).

Experian argues that the Magistrate Judge erroneously considered Experian's post-litigation update to its procedures in evaluating the reasonableness of the procedures that were in effect at the time Plaintiff's MoneyLion account was inaccurately reported. Experian maintains that evidence of the change in its procedures would be inadmissible at trial as a subsequent remedial measure under Federal Rule of Evidence 407 and thus also is not appropriately considered at the summary judgment stage. Experian failed to make this argument before the Magistrate Judge. As this Court is authorized to do, the Court declines to consider this new argument. Williams v. McNeil, 557 F.3d 1287,

1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Even without taking the updates to the procedures in account, however, the Court still finds a genuine issue as to the reasonableness of Experian's procedures.

Considering the procedures that Experian applied to Plaintiff's credit file, which Judge Cannon set forth extensively in the R&R and which Experian described fully in its summary judgment papers and its objections, the Court finds that the facts in this case do not establish that Experian's procedures were unquestionably reasonable. The undisputed evidence that Equifax and Trans Union did not inaccurately report the MoneyLion account is sufficient to create a genuine issue regarding the reasonableness of Experian's procedures. See Gibson, 494 F. Supp. 3d at 617 ("Lending further plausibility to Plaintiff's allegation that Experian failed to follow reasonable procedures is the fact that neither of the other dominant CRAs reported the inaccuracy."); Gadomski v. Equifax Info. Servs., LLC, No. 2:17-CV-00670-TLN-AC, 2020 WL 3841041, at *5 (E.D. Cal. July 8, 2020) ("Plaintiff's allegation that Experian and TransUnion did not make the same error also leads to a reasonable inference that Defendant failed to follow reasonable procedures in Plaintiff's case."). The reasonableness of Experian's procedures presents a question that must go to a jury.

### C. Causal Connection Between Inaccurate Report and Damages

Experian next objects to the Magistrate Judge's finding that Plaintiff has met her burden of presenting evidence of a causal connection between an inaccurate consumer report and Plaintiff's asserted damages. Experian argues that Plaintiff's alleged damages are from a consumer disclosure, provided pursuant to § 1681g, and not a consumer report, which is sent to third parties pursuant to § 1681a(d). Experian maintains that consumer disclosures do not trigger liability under § 1681e(b), as a violation of § 1681e(b) concerns only information communicated about a consumer to a third party. The Court finds Experian's objection on this basis to be without merit.

Experian argued similarly in Losch that the plaintiff had not shown that Experian sent his credit report to third parties, but the Eleventh Circuit found that the credit reports themselves indicated that Experian had sent the report at least 26 times to six different entities. 995 F.3d at 943. Experian also argued that the inquiries were only soft inquiries and that the response to most of those inquiries did not involve supplying the plaintiff's complete report. Id. Given Experian's use of the term "most," the Eleventh Circuit reasoned that there was a possibility that a creditor had received the plaintiff's full report and that information regarding the account in question had been disclosed to a third party. Id. The Eleventh

13

Circuit ultimately determined that "the evidence of inquiries on his credit report [was] sufficient to show that the report was sent to third parties."[1] Id.

In this case, too, there is evidence from which a reasonable inference can be drawn that Experian published the inaccurate information regarding Plaintiff's MoneyLion account to third parties that reviewed Plaintiff's credit report. Plaintiff's credit report contained multiple hard inquiries following her bankruptcy discharge and prior to Experian's updates to correct the account. While Experian represents that it does not maintain records of the actual reports provided and that not every inquiry results in a full report being provided to each potential creditor, this Court is obligated at the summary judgment stage to view the existing evidence in a light most favorable to Plaintiff. Doing so, it is reasonable to infer that the creditors who made hard inquiries saw the inaccurate information reported by Experian.

The Court recognizes that Plaintiff's emotional distress, discussed further below, followed her review of what was a consumer file disclosure and not a consumer report. However, construing Plaintiff's testimony in a light most favorable to her, Plaintiff's distress concerned the impact of inaccurate reporting to third parties. Given that Plaintiff's consumer file disclosure revealed the

---

[1] This determination was made in the context of an Article III standing analysis, but there is no persuasive reason why this analysis would not also apply to the merits of the claim.

likelihood of reports having been provided by Experian to third parties, following hard inquiries, there is a sufficient causal connection to Plaintiff's asserted damages for the FCRA claim to go before a jury.

### D. Sufficiency of Emotional Distress Evidence

Experian next objects to the determination that Plaintiff has presented sufficient evidence to create a fact issue as to actual damages for a negligent violation of the FCRA. Experian first argues that the analysis in the R&R elides the difference between Article III standing and actual damages under the FCRA. Experian also argues that Plaintiff has not presented sufficient evidence to show that Experian's reporting caused any damages. Irrespective of the distinctions between Article III standing and actual damages under the FCRA, this Court's review of the record and the relevant authority concerning actual damages informs that Plaintiff has presented sufficient evidence of actual damages to withstand summary judgment. The Court overrules Experian's objection.

Actual or compensatory damages under the FCRA may include recovery for humiliation, mental or emotional distress, or injury to reputation and creditworthiness. Smith v. E-Backgroundchecks.com, Inc., 81 F. Supp. 3d 1342, 1365 (N.D. Ga. 2015). A plaintiff may recover for emotional distress, even in the absence of physical injury or out-of-pocket expenses. Jordan v. Equifax Info. Servs., LLC, 410 F. Supp. 2d 1349, 1356 (N.D. Ga. 2006) ("Actual damages under

the FCRA may include damages for humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses."); Moore v. Equifax Info. Servs., LLC, 333 F. Supp. 2d 1360, 1365 & n. 3 (N.D. Ga. 2004) (noting that damages for mental distress are recoverable under FCRA, even if the consumer has suffered no out-of-pocket losses); see also Carlisle v. National Commercial Servs., Inc., 2017 WL 1075088, at *15 (N.D. Ga. Feb. 22, 2017), report and recommendation adopted, 2017 WL 1049454 (N.D. Ga. March 20, 2017) (citations omitted) ("Many courts have not hesitated to find that mental distress damages were warranted for negligent violations of the FCRA even when the plaintiff has not shown to have obtained medical care or suffered any physical injury."). Moreover, as Judge Cannon noted in the R&R, self-serving and/or uncorroborated, sworn testimony can alone be sufficient to create a genuine dispute concerning an issue of material fact at the summary judgment stage. United States v. Stein, 881 F.3d 853, 858–59 (11th Cir. 2018) (en banc). "In FCRA cases, a plaintiff is not required to produce evidence of emotional distress beyond his own testimony." King v. Asset Acceptance, LLC, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006).

Relying on Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253 (S.D. Fla. 2009), Experian maintains in its objections that Plaintiff's uncorroborated testimony should not be sufficient, by itself, to create an issue of material fact as to emotional distress damages. Experian urges that the Court should have some

additional basis to conclude that Plaintiff was injured. The Court rejects this argument.

In Losch, discussed supra, the Eleventh Circuit determined that a plaintiff's self-serving statements were sufficient to support a claim for emotional damages at the summary judgment stage. 995 F.3d at 944. In Losch, Experian argued, as it does in this case, that self-serving testimony, standing alone, "can't prove emotional damages sufficiently to survive summary judgment." Id. The Eleventh Circuit found that Experian's argument was contrary to Stein and ruled that the plaintiff's non-conclusory statements concerning stress, anxiety, and lack of sleep must be taken as true on summary judgment and that the affidavit testimony was sufficient "to raise a jury question about damages on the merits."[2] The same is true in the case before the Court.

In this case, Plaintiff testified that seeing the inaccurate reporting of the MoneyLion account on her credit report caused irritation, frustration, anger, and loss of sleep. (Deposition of Charlynda Benjamin "Benjamin Dep." at 33, 40, 64, 65,

---

[2] As Experian points out, there was additional evidence in Losch that the plaintiff spent 400 hours attempting to correct the inaccuracies in his credit report, and the Eleventh Circuit separately found that plaintiff's emotional distress and wasted time constituted a concrete injury, which gave the plaintiff standing to pursue his FCRA claims. 995 F.3d at 943. The Eleventh Circuit's analysis of the sufficiency of the emotional distress evidence on the merits was distinct from the analysis of plaintiff's wasted time, and the Eleventh Circuit expressly rejected Experian's position that the plaintiff's self-serving affidavit, standing alone, was insufficient to prove emotional damages to survive summary judgment.

17

67). She thought that Experian should have been reporting the MoneyLion account as discharged under the bankruptcy, and it was stressful for her not to know the impact that the inaccurate reporting would have on what she was trying to do, which was re-build her credit following the bankruptcy. (Id. at 34, 40, 44-46, 67). The Court finds that this non-conclusory testimony, together with the excerpts of Plaintiff's testimony that Judge Cannon highlighted in the R&R, is sufficient, as a matter of law, for Plaintiff's claim to survive summary judgment and be presented to a jury.

E. Willfulness of Violation

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted with respect to Plaintiff's claim for a willful violation of the FCRA and primarily does so "out of an abundance of caution" and "to preserve" the issue. (Doc. 75 at 1, 2). After reviewing the R&R, the parties' respective arguments, and the evidence of record, the Court agrees that Experian is entitled to judgment as a matter of law on Plaintiff's claim for a willful violation of the FCRA.

To establish willfulness under the FCRA, a consumer must show a CRA knowingly or recklessly violated the statute. Safeco, 551 U.S. 47, 57-58 (2007). "[A] willful violation requires that a party's reading of the FCRA is –at minimum— objectively unreasonable." Id. at 69. A CRA recklessly violates the FCRA if its

action "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. "A violation isn't willful where a defendant 'followed an interpretation that could reasonably have found support in the courts . . . .'" Losch, 995 F.3d at 947 (quoting Safeco, 551 U.S. at 70 n. 20).

Experian maintains that its procedures were authorized by the settlement of the White class action, and the record in this case appears to support Experian's position. The White court concluded that the procedures it approved were "conclusively deemed to comply with the FCRA." 2008 WL 11518799, at *14. As Judge Cannon concluded, White is not binding on this Court and does not necessitate that this Court find in this case that Experian's procedures complied with the FCRA. See Morris, 478 F. Supp. 3d at 771 ("That a report complies with the White settlement does not by itself establish that the report complies with § 1681e(b), however. After all, White is not binding on this Court."). Still, as Judge Cannon also reasoned, Experian's implementation of procedures that were consistent with those approved of in White does support the conclusion, as a matter of law, that Experian did not knowingly or recklessly violate the FCRA.

Contrary to the arguments that Plaintiff makes in her objections, this Court can simultaneously find a genuine dispute regarding the reasonableness of

Experian's report-preparation procedures and conclude that Experian followed an interpretation that had or could reasonably have found support in a court. Because Experian's interpretation did have support in a court, Plaintiff's willful violation claim fails as a matter of law.

## V. Conclusion

In conclusion, the Court finds that the record and applicable authority support the Magistrate Judge's findings and legal conclusions. Furthermore, after conducting a *de novo* review of the parties' respective objections and a careful review of the R&R in its entirety, the Court agrees that Plaintiff's Partial Motion for Summary Judgment is due to be denied and that Defendant's Motion for Summary Judgment is due to be granted in part and denied part. It is hereby **ORDERED** that Judge Cannon's R&R [Doc. 72] is accepted with approval and **ADOPTED** for all purposes. Plaintiff's Partial Motion for Summary Judgment [Doc. 48] is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. Plaintiff's claim for a willful violation of the FCRA is **DISMISSED with prejudice**.

**SO ORDERED** this 20th day of September, 2021.

_____
**RICHARD W. STORY**
United States District Judge